# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Tyrone Price,

        Plaintiff,        Case No. 17-cv-13011

v.                              Judith E. Levy
                              United States District Judge

Milmar Food Group, LLC,
                              Mag. Judge R. Steven Whalen

        Defendant.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S RULE 60(b) MOTION [35]

On September 11, 2018, the Court adopted Magistrate Judge R. Steven Whalen's Report and Recommendation to grant defendant's, Milmar Food Group, LLC, motion to dismiss and/or for summary judgment as to plaintiff Tyrone Price's Eighth Amendment, state negligence, and state products liability claims. (Dkt. 30.) At the time, plaintiff did not object to the Report and Recommendation. However, he now files a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

## I. Legal Standard

Rule 60(b) provides:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b)(1)–(6). Relief under Rule 60(b) is restricted to these circumstances, and Rule 60(b)(6) is even more restrictive, "appl[ying] 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund.*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Moreover, the moving party has the burden to show that at least one of the six subsections are satisfied. *McCurry ex rel. Turner v.*

*Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001)).

## II. <u>Analysis</u>

In his motion, plaintiff raises five arguments why he is entitled to relief under Rule 60(b): (1) the Court violated his Fourteenth Amendment right to due process, (2) the Court erred in dismissing the complaint for lack of jurisdiction, (3) "[defendant] is liable under Section 402A [of the Restatement (Second) of Torts]," (4) the Court "improperly den[ied his] motion for discovery," and (5) the Court "improperly granted defendant's motion for summary judgment." (Dkt. 35 at 1.) For the following reasons, the Court construes plaintiff's arguments as timely objections to the Report and Recommendation, but nonetheless denies plaintiff's motion because his objections are improper and would not have changed the Court's decision to adopt the Report and Recommendation.

### A. Due Process Violation

First, plaintiff argues that the Court violated his procedural due process rights because he did not receive the Report and Recommendation in time to object. Specifically, he asserts that he changed his address, but the Court did not send the Report and

3

Recommendation to that address. (Dkt. 35 at 5.) Based on plaintiff's motion, the Court cannot tell if plaintiff met his obligation to update his address in time so that the magistrate judge could send the Report and Recommendation to the correct address.[1] (*See* Dkt. 6 ("Notice Regarding Parties' Responsibility to Notify Court of Address Change.").) However, Rule 60(b) motions have been granted or their grants affirmed when a party does not receive notice of an entry of judgment and subsequently loses the chance to appeal. *Lexis v. Alexander*, 987 F.2d 392, 369–97 (6th Cir. 1993) (holding that a district court did not abuse its discretion when it granted relief under Rule 60(b)(1)); *Primus Auto. Fin. Servs., Inc. v. Otto-Wal, Inc.*, 284 F. Supp. 2d 845, 848 (N.D. Ohio 2003) (granting relief under Rule 60(b)(6)). Therefore, out of an abundance of caution, the Court grants plaintiff's motion to the extent necessary to treat his remaining arguments as objections to the Report and Recommendation.

---

[1] According to the docket entry, the Report and Recommendation was mailed to plaintiff at a Midland, Michigan address on July 16, 2018. On the same day, plaintiff filed a notice of change of address that indicated he was in Milan, Michigan. (Dkt. 27.) On August 8, 2018, the Report and Recommendation, along with other documents, were returned as undeliverable. (Dkt. 29.) Then, on September 11, 2018, the Court adopted the Report and Recommendation. (Dkt. 30.) Plaintiff received this order in Milan and notified the Court that he had not received the Report and Recommendation on September 19, 2018. (Dkt. 31.)

## B. Objections to the Report and Recommendation[2]

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "De novo review in these circumstances entails at least a review of the evidence that faced the magistrate judge; the Court may not act solely on the basis of a report and recommendation." *Spooner v. Jackson*, 321 F. Supp. 2d 867, 869 (E.D. Mich. 2004) (citing 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3070.2 (2d ed. 1997)). A proper objection identifies the portion of the report and recommendation that the objecting party takes issue with and then specifies the factual or legal basis of the error. E.D. Mich. LR 72.1(d)(1); *see Andres v. Comm'r of Soc. Sec.*, 733 F. App'x 241, 244 (6th Cir. 2018). Objections disputing the general correctness are improper. *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006), *disapproved of on other grounds by Andres v. Comm'r of*

---

[2] Even if the Court considered plaintiff's arguments as those in support of a more traditional Rule 60(b) motion, it would deny them because a party may not use a Rule 60(b) motion to relitigate the merits of his earlier claims, which is what plaintiff's other arguments do at best. *Barnes v. Clinton*, 57 F. App'x 240, 241 (6th Cir. 2003).

*Soc. Sec.*, 733 F. App'x 241 (6th Cir. 2018). Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Here, plaintiff's arguments, now considered objections, are improper because each reiterates controlling case law; they do not identify legal or factual errors that would justify relief under Rule 60(b).

### i. Objection 1: The Court erred in dismissing the complaint for lack of jurisdiction

Plaintiff states that the district court did not lack jurisdiction to hear his claims. In support, he cites to two statutes to show that the Court has jurisdiction over 42 U.S.C. § 1983 claims: 28 U.S.C. § 1343, 28 U.S.C. § 1331, and 28 U.S.C. § 1391. (Dkt. 35 at 2.) However, he does not identify an error that the magistrate judge committed. He only quotes or summarizes the statutes. Therefore, the objection is denied as improper, and plaintiff is not entitled to relief on this basis.

### ii. Objection 2: Defendants are liable under § 402A

Although plaintiff lists this as an argument on the first page of his motion, he does not address it again. He does, however, reference his

Eighth Amendment claim. Because the supplemental jurisdiction necessary for a federal court to hear a state law claim depends on a federal court having original jurisdiction on at least one claim, such as federal question jurisdiction over a constitutional claim, the Court construes this as two objections: one to the recommendation to dismiss his Eighth Amendment claim and one to the recommendation to decline to exercise supplemental jurisdiction over the state law claims. However, these are improper objections for the following reasons.

Plaintiff's objection to the recommendation that the Court dismiss his Eighth Amendment claim is improper because he does not identify any error that the magistrate judge committed. Although plaintiff's implied argument that the Court has jurisdiction over Eighth Amendment claims is accurate, he does not address why the magistrate judge erred in finding he failed to state an Eighth Amendment claim. Plaintiff only reiterates controlling precedent. Therefore, the objection is improper, and plaintiff is not entitled to relief.

The state law claim objection fails for similar reasons. Again, although plaintiff correctly implies that the Court may exercise supplemental jurisdiction if it has federal question jurisdiction, he fails

7

to address any error the magistrate judge committed. Plaintiff does not cite law regarding supplemental jurisdiction or the state law claims.

And critically, the Report and Recommendation did not reach the question of whether defendant is liable under state tort law; rather, the magistrate judge determined that the Court could decline to exercise its discretion to maintain supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) when plaintiff did not adequately plead an Eighth Amendment claim. (Dkt 23 at 7–8.) Accordingly, plaintiff identifies no error and no basis why the Court could not rely on its discretion and decline to exercise jurisdiction over the state law claims, dismissing them without prejudice, even assuming plaintiff had pleaded an Eighth Amendment violation.

### iii. Objections 3 and 4: The Court improperly denied plaintiff's motion for discovery and improperly granted defendant's motion for summary judgment

In support of these objections, plaintiff references Federal Rules of Civil Procedure and case law that addresses discovery in relation to summary judgment and the summary judgment standard itself. This is insufficient for two reasons. First, plaintiff does not identify an error that the magistrate judge committed. Again, he merely summarizes law.

Thus, at best, these objections amount to general disagreement with the Report and Recommendation and are improper.

Second, the Report and Recommendation did not grant defendant's motion as one for summary judgment, but as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 23 at 3–4.) Rule 12(b)(6) requires the Court to assume that plaintiff's well-pleaded facts are true, *Keys v. Humana,* 684 F.3d 605, 608 (6th Cir. 2012), and then apply the law to determine if plaintiff has stated a plausible claim for which relief can be granted based on those facts, *see Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564–70 (2007). A complaint with insufficient factual allegations will "not unlock the doors of discovery for plaintiff" at the pleading stage. *Iqbal*, 556 U.S. at 678–79. In other words, plaintiff is not entitled to discovery simply because he filed a complaint or because defendant gave its motion an alternate title as one for summary judgment. Plaintiff's complaint must meet the pleading standard described in Federal Rule of Civil Procedure 8 and must make factual allegations that would satisfy the elements of an Eighth Amendment claim if they were proven true. The magistrate judge found that plaintiff did not plead any facts that if assumed true

would show that defendant acted with deliberate indifference as to his health and safety. (Dkt. 23 at 5.) In other words, plaintiff identifies no error on the part of the magistrate that addresses the sufficiency of his complaint. Therefore, the objections are denied as improper, and plaintiff is not entitled to relief on these bases.

### III. <u>Conclusion</u>

Accordingly, plaintiff's motion for relief from judgment (Dkt. 35) is **GRANTED IN PART** to the extent that the Court construes his motion as timely-filed objections to the Report and Recommendation and is **DENIED IN PART** as to whether his arguments, now construed as objections, entitle him to any other relief. The Court's previous Opinion and Order adopting the Report and Recommendation (Dkt. 30) remains

unaffected.

IT IS SO ORDERED.

Dated: March 13, 2019  s/Judith E. Levy
    Ann Arbor, Michigan  JUDITH E. LEVY
                                              United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2019.

                                                s/Shawna Burns
                                                SHAWNA BURNS
                                                Case Manager